**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30010 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00071-DWM-1 |
| v. | |
| SCOTT STEVEN REIDY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted March 6, 2015
Portland, Oregon

Before: PAEZ and IKUTA, Circuit Judges and SELNA,[**] District Judge.

Scott Steven Reidy appeals the district court's order denying his motion to

suppress evidence obtained from an allegedly unlawful traffic stop. Specifically,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Reidy argues that the deputy sheriff who stopped his vehicle lacked reasonable suspicion to do so. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* the denial of a motion to suppress, including the specific question of whether reasonable suspicion existed under the circumstances. *United States v. Arvizu*, 534 U.S. 266, 275 (2002); *United States v. Decoud*, 456 F.3d 996, 1007 (9th Cir. 2006). The underlying factual findings are reviewed for clear error. *United States v. Thomas*, 447 F.3d 1191, 1196 n.7 (9th Cir. 2006).

The district court did not err in concluding that the deputy sheriff had reasonable suspicion to conduct an investigatory stop of the vehicle Reidy was driving. To conduct a lawful investigatory stop of a person or vehicle, an officer must have reasonable suspicion, based on the totality of the circumstances, to believe that criminal activity is occurring or will occur. *See Arvizu*, 534 U.S. at 273, 274. Here, two officers testified that as Reidy's vehicle passed by their locations, they could not see the rear license plate illuminated. Crediting their testimony, the magistrate judge concluded that the deputy sheriff had reasonable suspicion that the mechanical condition of Reidy's vehicle violated Montana Code § 61-9-204(3), which requires that a vehicle's taillamps "must illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear." The magistrate judge's decision to credit the officers'

2

testimony was not clearly erroneous. The magistrate judge also did not err in concluding that the traffic stop was permissible "even if the stop serve[d] some other purpose." *United States v. Willis*, 431 F.3d 709, 715 (9th Cir. 2005) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)).

Because the deputy sheriff had reasonable suspicion to stop Reidy on the basis of a traffic violation, we do not address the parties' arguments under the collective knowledge doctrine.

**AFFIRMED.**